# FELICELLO

Rosanne E. Felicello*
Managing Partner
rosanne@felicellolaw.com
*Admitted to practice law in New York and Massachusetts

July 9, 2021

*VIA ECF*

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    Katie Maloney Wallace v. Fundation Group LLC,
               Civil Action 1:21-cv-05681-PGG

Dear Judge Gardephe:

      We represent plaintiff Katie Maloney Wallace ("Ms. Wallace") in the above-referenced action, which was originally filed by Ms. Wallace on June 25, 2021 as a petition in New York State court to vacate, in part, and confirm, in part, an arbitration award relating to Ms. Wallace's claims of gender discrimination and violations of employment law. Because the arbitration was confidential and the parties had executed a confidentiality agreement, Ms. Wallace filed the exhibits in redacted form in the state court action, pending an anticipated motion to seal.

      Since Ms. Wallace's original filing, the parties have met and conferred on the issue of confidentiality of the various exhibits. Counsel for Fundation Group LLC ("Fundation") has indicated that Fundation does not intend to assert confidentiality as to any of the exhibits. Ms. Wallace maintains that one of the exhibits, Exhibit 8, attached hereto in redacted form and filed under seal in unredacted form, contains trade secrets and should remain confidential.[1] Fundation's counsel has informed us that Fundation does not object to this request.

      Prior to her termination from Fundation, Ms. Wallace was a salesperson for the company. Ms. Wallace has extensive experience in sales and has developed a unique customer list over the years. Exhibit 8 is a compilation of certain of Ms. Wallace's contacts that she, upon the company's request, added to Fundation's internal electronic database. This contact information includes names and addresses of Ms. Wallace's former customers and contacts. Ms. Wallace requests that this information be filed under seal, as a trade secret. A "trade secret" is information that is "sufficiently valuable and secret to afford an actual or potential

---

[1] Ms. Wallace has filed the remaining exhibits in unredacted form.

The Honorable Paul G. Gardephe
Page 2

economic advantage over others." *Ramirez v. Temin & Co.*, 2020 US Dist. LEXIS 216034, at *17 (S.D.N.Y. Nov. 18, 2020). "A trade secret is 'any formula, pattern, device[,] or compilation of information which is used in one's business, and which gives [her] an opportunity to obtain an advantage over competitors who do not know or use it.'" *Id.* (citations omitted). The Second Circuit has held that client contacts may be protectable trade secrets. *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 46 (2d Cir. 1999) (citations omitted).

Although there is a general presumption of access to judicial records, this Circuit has recognized that "the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co.*, 2020 US Dist LEXIS 216034, at *9-10 (S.D.N.Y. Nov. 18, 2020), *citing Encyclopedia Brown Prods. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-13 (S.D.N.Y. Oct. 15, 1998) & *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 n.10 (2d Cir. 2001). Here, Ms. Wallace makes the "narrowly tailored" request that only the document that consists of her client contacts be redacted from the public record. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("Documents may be sealed if specific … findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest."). She does not seek the sealing of all the arbitration materials or the arbitration award itself. *Compare AIU Ins. Co. v. Bothnia Int'l. Ins. Co. Ltd.*, 21 Misc. 459, 2021 WL 2206467, *2 (S.D.N.Y. May 28, 2021) (rejecting a request to seal an entire arbitration award, as opposed to portions thereof). Ms. Wallace expended considerable efforts to cultivate her client contacts and her list would be "difficult to duplicate." *N. Atl. Instruments*, 188 F.3d at 46 (citations omitted). The fruit of her efforts should be protected as a trade secret and Exhibit 8 should be filed under seal with access restricted to the parties and court personnel.

The Honorable Paul G. Gardephe
Page 3

      Exhibit 8 should be filed under seal for the additional reason that the information identifying Ms. Wallace's contacts does not directly affect the adjudication of whether the arbitration award at issue will be vacated or confirmed in part or in total. *Caxton Intl., Ltd. V. Reserve Intl. Liquidity Fund, Ltd.*, 2009 US Dist. LEXIS 67223, at *19-20 (S.D.N.Y. July 30, 2009) (permitting information reflecting the identity of actual or potential investors to be filed under seal). Such information has been permitted to be filed under seal in this District under similar circumstances. *Id.* (citations omitted) (collecting cases where customers' names and identifying information has been allowed to be redacted).

      Very truly yours,

      /s/ *Rosanne E. Felicello*

      Rosanne E. Felicello

**Memo Endorsed:** Because Plaintiff has not explained how she will suffer competitive harm if the exhibit is disclosed, the application is denied without prejudice. By January 10, 2022, Plaintiff may refile her motion to seal.
Dated: January 3, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge